UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re BARABARA REBECCA EINSET,

    Debtor,
_____/

PHILIP R. HERCIK, JR.,

    Appellant,

v.                                                                   File No.  1:09-CV-324

                                                            HON. ROBERT HOLMES BELL

STEPHEN LANGELAND, Trustee,

    Appellee.
_____/

## **O P I N I O N**

       This matter comes before the Court on Appellant Philip R. Hercik, Jr.'s motion for emergency stay pending appeal. (Dkt. No. 12.) A hearing was held on April 30, 2009, which was attended by Appellant and his counsel. No one appeared for the Trustee.

       A motion for stay pending appeal is governed by Rule 8005 of the Federal Rules of Bankruptcy Procedure. Rule 8005 provides that a motion for stay pending appeal "must ordinarily be presented to the bankruptcy judge in the first instance," and that when a motion for stay is made to the district court, "the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. Fed. R. Bankr. P. 8005. Where a bankruptcy court has considered and ruled on the request for a stay pending appeal, this

Court reviews the denial for an abuse of discretion. *See In re Akron Thermal, Ltd. Partnership*, No. 5:09-MC-10, 2009 WL 414669, at *6 (N.D. Ohio Feb. 19, 2009) (citing cases). Under the abuse of discretion standard, the bankruptcy court's legal conclusions are reviewed *de novo*, but its factual conclusions must be upheld unless clearly erroneous. *In re DSC, Ltd.*, 486 F.3d 940, 944 (6th Cir. 2007).

Appellant contends that this Court should grant a stay pending appeal, notwithstanding the bankruptcy court's denial of a stay, because the bankruptcy court did not weigh the harm caused to Appellant versus the benefit to the Estate if the sale was completed pursuant to 363(h)(3).

After weighing Appellant's likelihood of success on appeal, the likelihood that Appellant would be irreparably harmed absent a stay, the prospect that others will be harmed if by a stay, and the public interest in granting a stay, the bankruptcy court concluded that the factors disfavored the entry of a stay. Having reviewed the record, including the transcript of the March 10, 2009, telephonic hearing regarding Appellant's motion for stay of proceedings,[1] the Court cannot say that the bankruptcy judge abused his discretion in denying the stay. The Trustee represented that the courtroom auction of the Property would benefit

---

[1] This transcript was not listed on Appellant's original designation of items to be included on appeal (Dkt. No. 1, Attach. 4), and it was not included in the record on appeal. (Dkt. No. 1.) Appellant subsequently filed an amended record on appeal listing the transcript of the March 10, 2009, telephonic hearing, but there is no indication that this amended designation was filed with the bankruptcy court. The Court received a copy of the transcript at the April 30, 2009, hearing and has made it a part of the record.

the estate more than a sale to Appellant, both in terms of yield and avoiding further delay, and the mortgagees indicated their interest in having the loans paid.

Appellant complains that the bankruptcy judge did not weigh the harm to him versus the benefit to the Estate as required by 11 U.S.C. § 363(h)(3). The bankruptcy judge considered Appellant's § 363(h) argument and concluded that Appellant had bargained away his right to raise the issues normally associated with § 363(h). (Tr. of 3/10/09 Tel. Hr'g 28.) This conclusion is not erroneous. As the bankruptcy court noted, Appellant had an opportunity to contest the Trustee's proposed partition or sale of the Property and to protect his § 363(h) interests in the adversary proceeding. Appellant entered into a settlement which would enable him to buy the Property on certain conditions. Those conditions were not met because Appellant's Chapter 12 bankruptcy was dismissed before Appellant tendered his purchase money. Pursuant to Appellant's own stipulation in the adversary proceeding, agreement, the Trustee was free to sell the Property. Accordingly, the Court finds no abuse of discretion in the bankruptcy court's denial of a stay.

At the hearing before this Court on April 30, 2009, the Court learned that the sale of the Property that is the subject of this motion for stay pending appeal has already taken place. It appears from the record in this case that the Property was sold sometime before the March 10, 2009, hearing on Appellant's motion for stay before the bankruptcy court. (Tr. of 3/10/09 Tx. Hr'g 14.) By statute, the validity of the sale to a good faith purchaser will not be affected by an appeal, whether or not the purchaser knew of the appeal, unless the sale is stayed

3

pending appeal. 11 U.S.C. § 363(m). *See Hower v. Molding Sys. Eng'g Corp.*, 445 F.3d 935, 937-38 (7th Cir. 2006) (affirming district court's ruling that the appeal from the sale order was moot because the disputed sale had already taken place). There is no dispute that Appellant had notice of the sale and that he was free to bid on the Property at the sale. There is no evidence that the purchaser did not purchase the Property in good faith. Accordingly, the appeal of the sale order appears to be moot.

It is also clear from the record that Appellant did not act promptly to request a stay in this Court. The bankruptcy court denied the stay on March 11, 2009 and Appellant did not file his "emergency" motion in this Court until April 22, 2009. (Dkt. No. 12, Mot. for Emergency Stay.)

While it appears that Appellant assumed that he would be able to purchase the Property and was surprised by the Trustee's motion for authority to sell the Property, the Court regrettably concludes that it cannot unring this bell in light of the fact that substantial time elapsed before the matter was brought to this Court's attention, and the Property has already been sold.

For the reasons stated herein, Appellant's emergency motion for stay pending appeal will be denied.

An order consistent with this opinion will be entered.

Dated: May 1, 2009                                /s/ Robert Holmes Bell
                                                          ROBERT HOLMES BELL
                                                          UNITED STATES DISTRICT JUDGE